UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONNA LANGAN<br>(a.k.a. PETER KEVIN LANGAN),<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 21-cv-2524-DLF<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT MOTION TO SET CONSOLIDATED
DEADLINE FOR ALL DEFENDANTS TO RESPOND TO THE COMPLAINT**

In this case, Plaintiff is a transgender female inmate in the custody of the Federal Bureau of Prisons ("BOP") and she seeks, *inter alia*, an order requiring BOP to provide her gender confirmation surgery. The complaint names as defendants BOP and seven BOP officials in their official and individual capacities. Defendants respectfully move for a single, consolidated deadline for all Defendants to respond to the complaint in this case.

Plaintiff filed this suit on September 28, 2021. ECF No. 1. She later filed a declaration of service stating that she effectuated service on the United States Attorney's Office and the United States Attorney General on or about November 16, 2021. ECF No. 14. Plaintiff also filed proof of service purporting to show service effectuated on BOP and two of the seven individual-capacity defendants on October 28, 2022. ECF No. 13.[1] On January 7, 2022, Plaintiff served the other five individual-capacity defendants (the "Individual Defendants") by providing the complaint and summonses to counsel for the Individual Defendants.

---

[1] Defendants do not concede service was proper under Federal Rule of Civil Procedure 4.

Defendants respectfully request the Court set March 8, 2022 as the deadline for all defendants to respond to the complaint. As noted, Plaintiff did not complete service on five of the Individual Defendants until January 7, so those defendants are not required to respond to the complaint until March 8, 2022. *See* Fed. R. Civ. P. 12(a)(3). The Court should set the same date (March 8, 2022) as the deadline for the other two Individual Defendants as well as BOP and the official-capacity defendants. Without a single, consolidated date for all of the defendants to respond to the complaint, this case may require multiple rounds of dispositive motion briefing, with staggered deadlines based on the various service dates. Having a single schedule for all parties to the litigation simply makes sense and is the most efficient way to proceed.

Furthermore, a consolidated deadline for all defendants to respond to the complaint would allow the Individual Defendants sufficient time to consult with their own counsel before assisting with the response that will be filed by BOP and the official-capacity defendants. Given that the Individual Defendants face potential personal liability, they should not be forced to commit to particular positions in the agency's response, long before their own responses are due.

Finally, the requested deadline will allow additional time for the parties to discuss Defendants' proposal that this case be stayed given the potential that the case may be resolved without the need for protracted litigation. In October 2021, the BOP's Transgender Executive Council ("TEC")[2] referred Plaintiff for gender confirmation surgery to BOP's medical director. This is a significant step, and it is the first time the TEC has made such a referral for any inmate. The medical director is now in the process of confirming that surgery is not contraindicated and

---

[2] The TEC is a committee at BOP that offers advice and guidance on measures related to unique treatment and management needs of transgender inmates, including housing and health issues. Among other things, the TEC considers transgender inmate requests for gender confirmation surgery.

is otherwise appropriate for Plaintiff, and she has already tentatively identified a surgeon to perform "bottom surgery" on Plaintiff. Given the possibility that Plaintiff's claims for injunctive relief may soon become moot, deferring the agency's answer deadline may conserve the resources of the parties and the Court.

Accordingly, good cause supports this motion, and the Court should set March 8, 2022 as the deadline for all Defendants to respond to the complaint. The undersigned counsel conferred with counsel for Plaintiff who stated that Plaintiff consents to the requested relief.

Dated: January 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/ Joshua M. Kolsky
Joshua M. Kolsky
John J. Robinson
Trial Attorneys
United States Department of Justice
Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel.:   (202) 305-7664
Fax:   (202) 616-8470
Email:  joshua.kolsky@usdoj.gov

*Counsel for BOP and the Official-Capacity Defendants*

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch

ANDREA W. MCCARTHY
Senior Trial Counsel, Torts Branch

        */s/ Andrea Jae Friedman*
        ANDREA JAE FRIEDMAN
        Trial Attorney
        United States Department of Justice
        Civil Division, Torts Branch
        Ben Franklin Station, P.O. Box 7146
        Washington, DC 20005
        E-mail: andrea.j.friedman@usdoj.gov
        (202) 305-0336

        *Counsel for the Individual-Capacity Defendants*